UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOEL PEREZ AGUIRRE,**
**BOP NO. 07247-091,**

Movant,

v.

**No. 4:26-cv-00177-P**
**(No. 4:24-cr-00031-P)**

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION AND ORDER

Joel Perez Aguirre, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Having considered the parties' pleadings, underlying criminal record, and applicable legal authorities, the Court concludes that the motion must be **DENIED**.

## BACKGROUND

On February 14, 2024, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 20.[1] Movant entered a plea of not guilty. CR ECF No. 24. On May 17, 2024, he was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 28. On October 30, 2024, Movant and his counsel signed a consent to administration of guilty plea and allocution by a United States magistrate judge, CR ECF No. 47, a waiver of indictment, CR ECF No. 48, a plea agreement with waiver of

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-cr-00031-P.

appeal, CR ECF No. 49, and a factual resume. CR ECF No. 50. The factual resume set forth the elements of the offense charged by the superseding information, the penalties Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 50. The plea agreement set forth the maximum penalties Movant faced, his recognition of the Court's sentencing discretion and role of the guidelines, the waiver of his right to appeal or contest the conviction and sentence in any collateral proceeding except in limited circumstances, and acknowledgment that he had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided to him. CR ECF No. 49.

On October 30, 2024, Movant appeared for arraignment on the superseding information. Among other things, he testified under oath in open court that: (1) he understood the rights he would be giving up by pleading guilty; (2) he was fully satisfied with the representation and advice he had received from counsel; (3) he read and understood the plea agreement before signing it; (4) he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; (5) he voluntarily and of his own free will entered into the plea agreement; (6) no one made any promise or assurance of any kind to induce him to enter into the plea agreement; (7) no one attempted to force him to enter into the plea agreement; (8) he understood that if the Court accepted his plea he would be sentenced somewhere within the range of punishment provided by statute; and (9) he understood that if his sentence was more severe than he expected, he would still be bound by his plea and could not withdraw it. CR ECF No. 79.

The probation officer prepared the presentence report (PSR), which reflected that Movant's base offense level was 38. CR ECF No. 55-1, ¶ 25. He received a two-level enhancement for importing methamphetamines as part of a Mexico-based drug trafficking organization. CR ECF No. 55-1, ¶ 27. He received a two-level and a one-level adjustment for acceptance of responsibility. CR ECF No. 55-1, ¶¶ 33, 34. Based on a total offense level of 37 and a criminal history category of II, his guideline imprisonment range was 235 months to 293 months; however, the statutorily-authorized maximum sentence was 20

years, so the guideline imprisonment range became 235 months to 240 months. CR ECF No. 55-1, ¶¶ 72, 73. Movant filed objections, CR ECF No. 57–58, and the probation officer prepared an addendum to the PSR. CR ECF No. 59.

At sentencing, the Court sustained one objection addressing a clerical error and overruled the remaining objections. CR ECF No. 82 at 6–7. The Court sentenced Movant to a term of imprisonment of 200 months. CR ECF No. 68. He filed a notice of appeal, CR ECF No. 70, despite having waived his right to do so. CR ECF No. 49, ¶ 12. The United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous. *United States v. Aguirre*, No. 25-10395, 2025 WL 2876797, at *1 (5th Cir. Oct. 9, 2025).

## GROUND OF THE MOTION

Movant raises one ground in support of his motion, alleging that he received ineffective assistance of counsel. ECF No. 1.[2]

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

*Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a defendant must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first and only ground, Movant alleges that counsel provided ineffective assistance by coercing him into pleading guilty. ECF No. 1 at 4.[3] He alleges that counsel promised that he would receive about "3–4 years at best" if he pled guilty. ECF No. 1 at 4. He further alleges that he "understood nothing" about the plea agreement, but told

[3] The page number references to the motion are to "Page __ of 15" reflected at the top right portion of the document on the Court's electronic filing system.

the trial court that he "understood and read over the plea agreement . . . on the primise [sic] of the promise of 3–4 years." ECF No. 1 at 4. These allegations are frivolous. *See* ECF No. 10 at 12–14 (discussing allegations that Movant was not properly advised and that the facts did not support the plea).

Movant's contention that his plea was not knowing, voluntary, and intelligent is wholly belied by the record. Movant's plea agreement, CR ECF No. 49, and factual resume, CR ECF No. 50, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations in open court, admitting that he understood the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not proven the exact terms of counsel's alleged promise or the precise identity of any eyewitnesses to the promise, as required to contest his representations in open court. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has also not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is, therefore, not entitled to an evidentiary hearing. *Id.*

Even if Movant could show that his plea was not knowing and voluntary, he still fails to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Movant instead argues that he suffered prejudice because his actual sentence of 200 months was significantly higher than the three-to-four-year sentence defense counsel allegedly promised him. ECF No. 11 at 3. In this context, prejudice cannot be shown by comparing the allegedly promised sentence to his actual sentence; the relevant issue is whether he would have gone to trial but for the error alleged. Movant does not point to any contemporaneous evidence to show that he would have gone to trial. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). Therefore, Movant's claim of ineffective assistance of counsel fails.

## CONCLUSION

For these reasons, the Court concludes that Movant fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255. The Court therefore **DENIES** his motion to vacate, set aside, or correct his sentence.

For the same reasons, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **28th day** of **September 2026.**



Mark T. Pittman
UNITED STATES DISTRICT JUDGE